## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LISA MERIE WELLS, WILLIAM A.
WELLS, KERI SUE PAULINE DINKINS,
KRYSTIN MERIE DINKINS, KAYLA
MERIE DINKINS, and KAREN SUE
PAYNE ,

        Plaintiffs,

v.                                                                                           No. CIV 00-924 BB/DJS

TOBY M. DINKINS, et al.,

        Defendants.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court for consideration of a number of motions to dismiss filed by various Defendants (Docs. 11, 61, 79, 80, 90, 94, 97, 169, 171, 175, 177, 180, 183, 189, and 195). Several Defendants have yet to appear in the case or file responsive pleadings to Plaintiffs' Complaint. However, because the Court clearly lacks personal jurisdiction over all Defendants who have moved to dismiss, the Court will address those motions now rather than waiting for all Defendants to respond. In addition, Plaintiffs' Complaint is severely deficient and attempts to raise several claims that are beyond this Court's authority. Therefore, as discussed below, those claims will be dismissed and Plaintiffs will be ordered to file an amended complaint in this case.

    **Motions to Dismiss**

This action arises out of a divorce and subsequent child custody and visitation proceedings spanning a period of over ten years. Plaintiffs have filed suit against over one hundred Defendants, alleging a vast conspiracy to deprive Plaintiff Lisa Wells of custody over Plaintiff Keri


Dinkins, to unlawfully hold Lisa Wells in contempt and attempt to confine her in jail for fourteen days, and to return Keri Dinkins to the custody of her father and stepmother, who have allegedly abused her in the past.  Plaintiffs also allege unconstitutional searches and seizures by certain Defendants, and assault by Defendant Sherrie Dinkins.  Other claims less clearly articulated may also be lurking in the Complaint.  Plaintiffs are attempting to raise federal causes of action by claiming the constitutional violations noted above and bringing an action under 42 U.S.C. § 1983, and by alleging a violation of the federal RICO statute, 18 U.S.C. § § 1962 *et seq.*  All Defendants are residents of the state of Washington, and all actions giving rise to Plaintiffs' Complaint took place in the state of Washington.

Motions to dismiss have been filed by all Defendants who are officers or employees of the State of Washington; all Defendants who are officers or employees of Pierce County, Washington; the law firm of Meikle, Meikle & Wood; Steven Downing, Jr.; Rebecca Reeder; McCormick & Hoffman; Mary Bridge Children's Hospital; Mary Bridge Children's Hospital Sexual Assault Center; Lynn LaSalle; Toby Dinkins; Sherri Dinkins; Visitation Catholic Church; Visitation Catholic School; Archdiocese of Seattle; Father David Geese; Julie Weigand Carey; Jenifer Payseno; McKinley & Irving; Frank Merrin; Pamela Merrin; Bettie Merrin; and Colleen Grady.  These motions raise a number of grounds for dismissal.  Foremost among these is the question of this Court's personal jurisdiction over these Defendants.  Absent personal jurisdiction, this Court has no authority over the Defendants and cannot entertain a lawsuit seeking relief from them.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).  The Due Process Clause of the United States Constitution permits the exercise of personal jurisdiction over a nonresident defendant only if there exist minimum contacts between the defendant and the forum State.  *See Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  This "minimum contacts" standard may be met in two ways.  First, a court may assert

specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985) (quotations and citations omitted).   When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant if the defendant has sufficient business contacts with the forum state.  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984).

In this case, the allegations of the Complaint and the information submitted by the moving Defendants shows clearly that none of the moving Defendants have sufficient contacts with the state of New Mexico, to allow this Court to exercise personal jurisdiction over them.  None of Defendants' actions occurred in this state or were directed at residents of this state.  At the time the events that led to this case occurred, Plaintiffs and Defendants were all located in Washington state.  Furthermore, there has been no showing that any Defendant has any general business contacts with New Mexico, which would provide the Court with jurisdiction under the general-jurisdiction theory.

Plaintiffs' argument in favor of jurisdiction in this state is based on a theory called, by Plaintiffs, the Extraordinary Circumstances theory.  Plaintiffs maintain they will be in physical danger if they return to Washington state to litigate this matter.  The Court is aware of no authority supporting the proposition that such alleged circumstances can override the constitutional due-process rights of Defendants, to be sued in a forum with which they have the minimum contacts needed to supply personal jurisdiction.  Furthermore, if such a theory did exist, Plaintiffs have failed to meet the heavy burden that would be imposed on a plaintiff attempting to overcome the constitutional barrier created by the Due Process clause.  Plaintiffs rely on their mere allegations, in briefs and in an affidavit by Plaintiff Lisa Wells, of conspiracy and threats to

their personal safety should they return to Washington state.  No documentary evidence or evidence of any other type has been submitted to lend support to Plaintiffs' assertions.  These claims of imminent danger are undercut by the fact that Plaintiff Lisa Wells' brother was allegedly murdered in 1993 (according to a brief filed by Plaintiffs), yet Plaintiffs did not flee Washington state for another six years, during which time no physical harm befell them.  Absent corroborating evidence, such as a record of investigations performed by a law enforcement agency, Plaintiffs' mere allegations are woefully insufficient to allow this Court to take the extraordinary jurisdictional step requested by Plaintiffs.  The Court therefore declines to rely on Plaintiffs' theory and, instead, will rely on the established due-process principles discussed in the preceding paragraph.  Based on those principles, all Defendants who have moved to dismiss for lack of personal jurisdiction will be dismissed from the case.

The Court notes that in the context of arguing venue, rather than personal jurisdiction, Plaintiffs have relied on 18 U.S.C. § 1965(b), a portion of the venue provision of the federal RICO statute, to maintain their action may properly be brought in this Court.  This subsection, however, by its own terms, allows out-of-district defendants to be haled into court in this district to defend a RICO claim only if "the ends of justice require" such extraordinary action.  § 1965(b); *see also PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 70-72 (2d Cir. 1998).  Given the fact that all Defendants in this case are residents of the state of Washington, and all activities giving rise to this lawsuit occurred in that state, the Court does not find the ends of justice require that the RICO claim be pursued in this district.  This finding is strengthened by the fact that Plaintiffs' complaint completely fails to state a RICO claim in other than conclusory terms, and fails to allege a single predicate act required by the statute, as well as other necessary elements of a RICO claim.  Even if given an opportunity to amend the complaint, it is highly unlikely Plaintiffs would be able to state a genuine RICO cause of action.

Although Plaintiffs did not argue this point, the Court has also considered the possibility that 18 U.S.C. § 1965(d) provides for nationwide personal jurisdiction over any RICO defendant. One circuit court, without discussion, has stated this proposition. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). Subsequently, however, the proposition was rejected by the Second Circuit, in the *PT United* case. The Second Circuit engaged in a thoughtful and thorough analysis of § 1965, and came to the conclusion that § 1965(b) is the personal jurisdiction provision of the RICO statute, and § 1965(d) refers to process other than a summons of a defendant or a subpoena of a witness. 138 F.3d at 71-72. To this conclusion the Court would also add the observation that § § 1965(a) and (b) are specifically applicable to civil RICO actions, while § 1965(d) refers to any type of RICO action. This strengthens the *PT United* court's holding that the former subsections constitute the venue and personal-jurisdiction provisions in civil RICO cases, and the latter subsection is not intended to apply to the service of a summons upon a defendant in a civil RICO case. *See also Butcher's Union Local No. 498 v. SDC Investments, Inc.*, 788 F.2d 535, 538-39 (9th Cir.1986) (discussing "ends of justice" standard of § 1965(b) as the standard applicable to personal jurisdiction in civil RICO actions). The Court agrees with the discussion and holding in the *PT United* case, and holds that § 1965(d) does not provide for automatic, nationwide personal jurisdiction in any civil RICO case. Instead, under § 1965(b), a plaintiff must establish that the ends of justice require the assertion of jurisdiction over a defendant lacking minimum contacts with the forum. As discussed above, Plaintiffs have failed to make such a showing in this case. The Court therefore has no personal jurisdiction over Defendants, for purposes of the RICO cause of action.

**Subject-Matter Jurisdiction**

Unlike personal jurisdiction, which may be waived by a party, subject-matter jurisdiction is a question that can be raised by the Court *sua sponte*. The Court has examined the Complaint

filed by Plaintiffs in this case, and finds a number of claims that cannot be considered by this Court and must be dismissed. As noted above, this case arises out of a divorce case and subsequent extensive state-court litigation concerning child custody and visitation rights. Most of Plaintiffs' claims are based on their view that the Washington state court wrongly decided many matters concerning custody, visitation, and allegations of physical and sexual abuse of Plaintiff Keri Dinkins. Plaintiffs maintain these decisions were the result of fraud on the Washington courts, or collusion between state-court judges, attorneys, state officials, and county officials. Plaintiffs therefore request damages as compensation for the alleged conspiracies and fraudulent activities.

This Court does not have the authority to re-examine a state-court decision, inquire into the basis for that decision, and issue a judgment that would, in effect, question the validity of the state-court decision. The Court is prevented from doing so by the *Rooker-Feldman* doctrine. *See, e.g., Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). The *Rooker-Feldman* doctrine bars a party losing in state court from seeking what would in essence be appellate review of the state judgment in a federal court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Id.* A federal court cannot review matters actually decided by a state court, or entertain a collateral attack on matters that are inextricably intertwined with a state-court judgment. *Id.* This rule applies to § 1983 actions like the one brought by Plaintiffs in this case, and it does not matter that the party seeks damages in federal court even though damages were not an issue in the state-court proceeding. *See Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825-26 (7th Cir. 1999); *United States ex rel. Verdone v. State of Wisconsin*, 1995 WL 94914 (7th Cir. 1995) (father sued ex-wife, as well as numerous state, county, and city officials and employees, claiming civil rights violations resulting from state-court custody dispute, contempt proceedings, and injunctive proceedings; federal court dismissed lawsuit under *Rooker-Feldman* doctrine, and Seventh Circuit affirmed, holding father could not

circumvent *Rooker-Feldman* rule by couching federal court complaint in terms of constitutional violations or other federal claims); *Berry v. South Carolina Dep't of Social Services*, 1997 WL 499950 (4th Cir. 1997) (father's challenges to state-court proceedings in child-custody case should have been raised by way of appeal in state-court system, rather than federal-court lawsuit).

It is apparent that any of Plaintiffs' claims that are predicated on fraud practiced on the Washington courts, or conspiracy between Washington judges and Washington attorneys, or on any other allegations attacking the decisions made in the divorce and custody proceedings, are simply collateral attacks on the judgments rendered in the Washington state-court proceedings. The *Rooker-Feldman* doctrine therefore bars this Court from considering those claims. Plaintiffs' proper remedy for the alleged actions would have been to appeal the decisions to the Washington appellate courts, and from there to the United States Supreme Court if any federal constitutional violations were present. Having failed to pursue the proper remedy, Plaintiffs cannot resort to a lawsuit in this Court, seeking damages as a result of the decisions rendered in the Washington state courts.

Some of Plaintiffs' claims, however, do not appear to be collateral attacks on the state-court decisions. For example, Plaintiffs have raised a claim of unlawful search and seizure, in violation of the Fourth Amendment, as a result of the arrest of Lisa Wells in a home. In addition, one Plaintiff alleges that Defendant Sherri Dinkins committed a battery. A few Defendants have filed answers, rather than motions to dismiss, thus waiving the defense of lack of personal jurisdiction. *See United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1314 (10th Cir. 1994) (objections to personal jurisdiction must be raised in a party's first responsive pleading or by motion before the responsive pleading). At this time, therefore, the Court may not dismiss the entire case. Instead, Plaintiffs are directed to file an amended complaint, deleting all claims that are simply collateral attacks on the Washington state-court

decisions.  The amended complaint shall also omit as Defendants all Defendants who have been dismissed from this case for lack of personal jurisdiction, including the following:  all employees or officials of the State of Washington, all employees or officials of Pierce County, Washington, including court officials and guardians ad litem appointed by the courts; the law firm of Meikle, Meikle & Wood; Steven Downing, Jr.; Rebecca Reeder; the law firm of McCormick & Hoffman; Mary Bridge Children's Hospital; Mary Bridge Children's Hospital Sexual Assault Center; Lynn LaSalle; Toby Dinkins; Sherri Dinkins; Visitation Catholic Church; Visitation Catholic School; Archdiocese of Seattle; Father David Geese; Julie Weigand Carey; Jenifer Payseno; McKinley & Irving; Frank Merrin; Pamela Merrin; Bettie Merrin; and Colleen Grady.

In considering whether to file an amended complaint, Plaintiffs should take into account the fact that Rule 11 of the Federal Rules of Civil Procedure applies to *pro se* litigants as well as attorneys.  This rule provides that a party presenting a pleading to a federal court is certifying that the claims contained in the pleading are warranted by existing law.  The rule also clearly provides for sanctions, including monetary sanctions, if frivolous claims are brought.  This opinion is notice and a warning to Plaintiffs that this Court will not entertain claims against Defendants who have no connection with the district of New Mexico, or who have not submitted to the jurisdiction of this Court.  In addition, the Court specifically informs Plaintiffs that conclusory allegations of conspiracy or RICO violations are not sufficient to state causes of action, and an amended complaint, if one is filed, containing only such allegations will be subject to dismissal and to Rule 11 sanctions.  In sum, should Plaintiffs choose to file an amended complaint, the complaint may not contain any allegations that merely seek to overturn decisions already made in the Washington state courts, may not allege claims against Defendants over which this Court has no jurisdiction, and may not allege claims in conclusory fashion.

**CONCLUSION**

As discussed above, a number of Defendants will be dismissed from this case due to the Court's lack of personal jurisdiction over them.  In addition, many of the claims raised in the complaint will be dismissed due to the Court's lack of subject-matter jurisdiction over claims that merely attack decisions made by the Washington state courts.  Plaintiffs will be given an opportunity to amend their complaint, in accordance with the directions given above.  Should Plaintiffs fail to file an amended complaint within thirty days of the date this opinion is filed, the entire case will be dismissed.  Finally, a number of Defendants have asked for an award of attorney's fees.  Since the Court is dismissing the case on personal-jurisdiction grounds, rather than finding the merits of Plaintiffs' case to be frivolous, the Court declines to award such fees to any Defendant at this point.

Dated this 22nd day of November, 2000.

_____
BRUCE D. BLACK
United States District Judge