## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT

FEB 2 2001

*[signature]*
CLERK

LISA MERIE WELLS, WILLIAM A.
WELLS, KERI SUE PAULINE DINKINS,
KRYSTIN MERIE DINKINS, KAYLA
MERIE DINKINS, and KAREN SUE
PAYNE ,

        Plaintiffs,

v.                                     No. CIV 00-924 BB/DJS

TOBY M. DINKINS, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a number of motions to dismiss filed by various Defendants, as well as Plaintiffs' motion for reconsideration (Docs. 210, 212, 225, 227, 229, 231, and 234). On November 27, 2000, this Court entered an order dismissing a number of defendants and granting Plaintiffs thirty days in which to file an amended complaint. Plaintiffs were informed that if they failed to file such a complaint within thirty days, the case would be dismissed entirely. Instead of filing an amended complaint, however, Plaintiffs have filed a motion to reconsider the Court's earlier rulings, asking that they be given additional time to file an amended complaint once this Court acts on their motion for reconsideration. By failing to file a timely amended complaint, Plaintiffs have failed to comply with the condition this Court imposed as a prerequisite for continuing to maintain this lawsuit.

Furthermore, since the Court's November 27 order, several more Defendants have filed motions to dismiss. These Defendants include the City of Tacoma, the Tacoma Police Department, and several named officers. In this Court's previous opinion, it was made clear that

236

one of the few causes of action adequately alleged in Plaintiff's complaint was an action against these particular Defendants for an unlawful search and seizure. However, these Defendants are in the same position as the Defendants dismissed by the Court's previous order. They reside in the State of Washington, and all activities upon which the search-and-seizure action is based occurred in that state. They do not have the minimum contacts required for this Court to assert personal jurisdiction over them. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). For that reason, dismissal of that claim is now also proper.

With the search-and-seizure claim dismissed, it is apparent Plaintiffs can state no cause of action over any remaining Defendant who might be subject to this Court's jurisdiction. Plaintiffs' motion for reconsideration makes it clear that the main object of this lawsuit is to obtain some type of satisfaction for actions or inactions taken by various Defendants during the child-custody-and-visitation proceedings discussed in the Court's last opinion. As discussed in the last opinion, however, the proper remedy for any deficiencies in those proceedings was by way of appeal through the Washington state-court system, not through this federal lawsuit. Plaintiffs cannot convert their dissatisfaction with the state court proceedings into a federal RICO claim or any other type of federal claim. Finally, even if a RICO claim might be considered viable under these circumstances, Plaintiffs have completely failed to allege the required facts that would give them standing to pursue such a claim, as well as any of the elements of a RICO claim. In sum, this Court does not have jurisdiction over any Defendant against whom Plaintiffs' complaint might adequately state a claim, and Plaintiffs have in any event failed to allege sufficient facts to state most of the claims they wish to raise.

Due to Plaintiffs' failure to comply with this Court's previous order, as well as this Court's lack of jurisdiction over most of the parties, as well as Plaintiffs' failure to state a viable

claim against any Defendant that might have submitted to the jurisdiction of this Court, all of the remaining motions to dismiss will be granted and this case will be dismissed in its entirety.

An Order in accordance with this Memorandum Opinion will issue.

Dated this _____ day of February, 2001.


BRUCE D. BLACK
United States District Judge

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT

FEB 2 2001

*K. Matteucci*
CLERK

LISA MERIE WELLS, WILLIAM A.
WELLS, KERI SUE PAULINE DINKINS,
KRYSTIN MERIE DINKINS, KAYLA
MERIE DINKINS, and KAREN SUE
PAYNE ,

        Plaintiffs,

v.                                       No. CIV 00-924 BB/DJS

TOBY M. DINKINS, et al.,

        Defendants.

### ORDER DISMISSING CASE

A Memorandum Opinion having been filed this date, it is hereby Ordered as follows: all motions to dismiss filed by various Defendants are hereby GRANTED. Furthermore, as discussed in the opinion, this case is DISMISSED in its entirety.

Dated this _14th_ day of February, 2001.


                                      BRUCE D. BLACK
                                    United States District Judge